UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA M. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:18-cv-02284-TLN-KJN<br><br>ORDER |

Plaintiff Cynthia M. Brown ("Plaintiff"), seeks judicial review of the final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 22, 2020, the magistrate judge filed findings and recommendations (ECF No. 17), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. On March 02, 2020, Plaintiff filed objections to the findings and recommendations (ECF No. 20), which have been considered by the Court.

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore*

1

*Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

In her objections, Plaintiff reiterates her arguments that the Administrative Law Judge ("ALJ") failed to fully develop the record, failed to inquire about reasons for lack of treatment, and erred in finding Plaintiff's daily activities contradicted her allegations of disability. Plaintiff argues the ALJ should have asked additional questions to elicit Plaintiff's ability to perform activities for the length of time required during an eight-hour workday. However, Plaintiff's responses at hearing were not the sole basis for the ALJ's opinion. Instead, as noted by the magistrate judge, the ALJ considered the entirety of Plaintiff's medical records in rendering a decision. The record does not expose ambiguous evidence and the ALJ's decision is well founded.

Plaintiff's next objection, that the ALJ failed to inquire about lack of treatment, is similarly unavailing. While the ALJ notes "large gaps in treatment," he goes on to analyze in detail Plaintiff's treatment records. His decision is based on these and not solely on the gaps in treatment. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Here, while there may be conflicting evidence in the record, there is sufficient evidence to support the ALJ's decision.

Finally, Plaintiff asserts that the ALJ should not have found that Plaintiff's testimony regarding her daily living contradicted her allegations of the level of her limitations. However, the ALJ based his analysis on many factors including Plaintiff's testimony, her medical records, and the testimony of her husband and the vocational expert. The ALJ cited substantial evidence

in his decision and on appeal to the district court, "[i]f the evidence can reasonably support either affirming or reversing the [ALJ's] conclusion, the court may not substitute its judgment for that of the [ALJ]." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The evidence does reasonably support the ALJ's determination and therefore should not be overturned by this Court.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 17) are ADOPTED.

2. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED;

3. The Commissioner's cross-motion for summary judgment (ECF No. 14) is GRANTED.

4. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED

Dated: March 23, 2020

Troy L. Nunley
United States District Judge